UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEIDRA FELDER and** | § | |
| **BRUCE FELDER,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:20-CV-1259-SH** |
| | § | |
| | § | |
| **JERRY LOUIS BARTACHEK f/k/a** | § | |
| **JERRY LOUIS BARTACHELA,** | § | |
| *Defendant* | § | |

## AMENDED FINAL PRETRIAL ORDER

Before the Court are Plaintiffs' Motion in Limine (Dkt. 30), filed April 27, 2022; Defendant's Motion in Limine (Dkt. 36), filed May 2, 2022; Defendant's Motion to Strike Plaintiffs' Expert Dr. Richard Guerrero (Dkt. 50), filed May 11, 2022; and the parties' proposed trial exhibits, filed May 13, 2022 (Dkt. 60; Dkt. 61). The Court conducted three Final Pretrial Conferences – on May 9, May 11, and May 12, 2022 – and heard oral argument from counsel. As stated on the record, the Court rules as follows.

### I.  Plaintiffs' Motion in Limine (Dkt. 30)

Plaintiff's Motion in Limine (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**, as detailed below.

**Plaintiffs' Motion in Limine No. 1**: Plaintiff asks that Defendants be precluded from "[a]ny mention that Plaintiffs were involved in other suits." Dkt. 30 at 1. While the Court will not admit such evidence to show that Plaintiffs may be overly litigious, such evidence may be relevant to Defendant's argument that Plaintiffs' injuries may have been caused by a prior automobile accident. *See Rico v. Am. Family Mut. Ins. Co.*, 76 F. App'x. 527, 529 (5th Cir. 2003) (finding that

testimony related to plaintiff's claims of personal injury in a previous case was admissible); *Logan v. Westfield Ins. Co.*, No. CV 17-29, 2020 WL 412207, at *7 (W.D. La. Jan. 24, 2020) (holding that evidence regarding prior motor vehicle accident involving plaintiff was relevant to the defense's claim that plaintiff's injuries were caused by the prior accident, but also noting that it was not inclined to admit evidence of prior claims simply to show plaintiff's "purported litigiousness"). Based on the foregoing, Plaintiffs' Motion in Limine No. 1 is **DENIED**.

**Plaintiffs' Motion in Limine No. 2** is **GRANTED** as unopposed.

**Plaintiffs' Motions in Limine No. 3, No. 5, and No. 8**: Plaintiff moves the Court to preclude Defendant from referencing that Plaintiffs received free medical care or have health, accident, or disability insurance, or any other collateral sources. "The collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. It is a substantive rule of law, as well as an evidentiary rule (disallowing evidence of insurance or other collateral payments that may influence a fact finder)." *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358 (5th Cir. 2016). "The theory behind the collateral source rule is that a wrongdoer should not have the benefit of insurance independently procured by the injured party, and to which the wrongdoer was not privy." *Haygood v. De Escabedo*, 356 S.W.3d 390, 394–95 (Tex. 2011). Based on the collateral source rule, Plaintiffs' Motions in Limine No. 3, No. 5, and No. 8 are **GRANTED**.

**Plaintiffs' Motion in Limine No. 4**: Defendant verbally withdrew his objection to Plaintiffs' Motion in Limine No. 4, which is **GRANTED** as unopposed.

**Plaintiffs' Motions in Limine No. 6 and No. 7**: Plaintiff verbally withdrew these motions, which are **DISMISSED as MOOT**.

### II.     Defendant's Motion in Limine (Dkt. 36)

Plaintiffs did not object to any of Defendant's motions in limine. Accordingly, Defendant's Motion in Limine (Dkt. 36) is **GRANTED** in full as unopposed.

### III.    Defendant's Motion to Strike Plaintiffs' Expert (Dkt. 50)

Defendant moves to strike Plaintiffs' expert Dr. Richard Guerrero on the basis that he is not qualified to testify on matters outside of the musculoskeletal system. Dr. Guerrero is Plaintiffs' treating chiropractor and is qualified to testify regarding his practice as a chiropractor and his treatment of the musculoskeletal system. Accordingly, Defendant's Motion to Strike Plaintiffs' Expert Dr. Richard Guerrero (Dkt. 50) is **DENIED**.

### IV.    Plaintiffs' Objections to Defendant's Proposed Exhibits (Dkt. 60)

Plaintiffs verbally objected to admission of Plaintiffs' medical records from a previous lawsuit, which now are identified on Defendant's Third Amended Trial Exhibit List (Dkt. 60). For the reasons stated above with respect to Plaintiff's Motion in Limine No. 1, such evidence may be relevant to the issue of Plaintiffs' damages in this case. Accordingly, Plaintiff's verbal objection to the exhibits listed on Defendant's Third Amended Trial Exhibit List (Dkt. 60) are **OVERRULED**.

### V.     Joint Trial Exhibits (Dkt. 61)

Joint Trial Exhibits No. 1 through 29, as agreed and identified in the parties' First Amended Joint Trial Exhibit List (Dkt. 61), are **HEREBY ADMITTED**.

**SIGNED** on May 14, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE