UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEIDRA FELDER and** | § | |
| **BRUCE FELDER,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:20-CV-1259-SH** |
| | § | |
| **JERRY LOUIS BARTACHEK f/k/a** | § | |
| **JERRY LOUIS BARTACHELA,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Price Ainsworth and Lorenz and Lorenz, PLLC's ("Plaintiffs' Attorneys") Motion to Withdraw (Dkt. 76), filed on May 20, 2022. Plaintiffs' Attorneys seek to withdraw as attorneys for Plaintiffs Deidra Felder and Bruce Felder.

Plaintiffs' Attorneys represented Plaintiffs in this automobile collision negligence case. After a jury trial, on May 18, 2022, the jury returned a verdict in favor of Plaintiffs, and awarded Plaintiffs less than $7,000 in monetary damages. Dkt. 73. The same day, the Court entered a Final Judgment and closed the case. Dkt. 75. Plaintiffs subsequently informed their attorneys that they desire to seek a new trial or appeal from the final judgment in this case. Plaintiffs' Attorneys now seek to withdraw from representing Plaintiffs because they "do not believe that they can in good faith assert a basis for requesting a new trial or appealing the judgment." Dkt. 76 at 1.

The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). A court must consider multiple factors, including (1) undue delay in the proceedings, (2) prejudice to the client, and (3) the interests of justice. *Walker v. Voyager Charters, LLC*, No. A-08-CA-0027-JRN, 2009

WL 10700768, at *1 (W.D. Tex. Feb. 26, 2009). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *Wynn*, 889 F.2d at 646). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v. Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993).

Plaintiffs' Attorneys contend that there is no nonfrivolous basis to file a motion for new trial or an appeal of the jury's verdict in this case. The Court agrees that filing a motion for new trial or appeal in this case would appear to be frivolous and thus a violation of Federal Rule of Civil Procedure 11(b)(2). *See Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 459 (5th Cir. 2020) (noting that filing a frivolous motion is a violation of Rule 11(b)(2)). Accordingly, the Court finds that Plaintiffs' Attorneys have presented good cause for their withdrawal. Therefore, Price Ainsworth and Lorenz and Lorenz, PLLC's Motion to Withdraw as attorneys for Plaintiffs Bruce Felder and Deidra Felder (Dkt. 76) is **GRANTED**. If Plaintiffs desire to file an appeal in this case or a motion for new trial, they may do so on a *pro se* basis or retain other counsel.

**SIGNED** on May 25, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE