# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **DEIDRA FELDER and** | § | |
| **BRUCE FELDER,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:20-CV-1259-SH** |
| | § | |
| **JERRY LOUIS BARTACHEK f/k/a** | § | |
| **JERRY LOUIS BARTACHELA,** | § | |
| *Defendant* | § | |

## <u>ORDER</u>

Before the Court is Defendant Jerry Louis Bartachek's Motion to Set Aside Judgment, filed July 1, 2022. Dkt. 78.

### I.    General Background

Plaintiffs Deidra Felder and Bruce Felder filed this automobile negligence lawsuit in state court against Defendant Jerry Louis Bartachek on November 13, 2020, after Defendant bumped into Plaintiffs' car at a stop sign in Kyle, Texas. Dkt. 1-1. Defendant removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b). Dkt. 1.

On May 2, 2022, Defendant filed an Offer of Judgment under Federal Rule of Civil Procedure 68(a) "to allow judgment to be taken against it by Plaintiff Bruce Felder for $20,000.00 (twenty-thousand dollars) and Plaintiff Deidra Felder for $37,000 (thirty-seven thousand dollars), together with costs accrued to this date." Dkt. 33 at 1. Plaintiffs did not accept the Offer of Judgment, and the case proceeded to trial.

On May 18, 2022, the jury returned a verdict in favor of Plaintiffs on the sole claim of negligence. The jury awarded Plaintiff Bruce Felder $1,683.52 and Plaintiff Deidra Felder

$5,010.14, both for medical care expenses incurred in the past. Dkt. 73. The same day, the Court entered a Final Judgment pursuant to Federal Rule of Civil Procedure 58, ordering that: (1) Plaintiff Bruce Felder is awarded $1,683.52 in monetary damages from Defendant; (2) Plaintiff Deidra Felder is awarded $5,010.14 in monetary damages from Defendant; and (3) "costs of court are taxed against Defendant Jerry Louis Bartachek pursuant to Rule 54(d)(1)." Dkt. 75 at 2.

Neither party filed a notice of appeal. On July 1, 2022—44 days after Final Judgment was entered—Defendant filed the instant Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II.     Analysis

Relying on Rule 68(d), Defendant argues that the Final Judgment should be set aside under Rule 59(e) because the jury's damages award was less than the amount Defendant offered to Plaintiffs in his Offer of Judgment.

### A.  Judgment Cannot Be Set Aside under Rule 68(d)

Federal Rule of Civil Procedure 54(d) provides, in pertinent part, that: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] Rule 68(d) alters this presumption, providing:

> **(d) Paying Costs After an Unaccepted Offer**. If the judgment that the offeree finally obtains is not more favorable than the accepted offer, the offeree must pay the costs incurred after the offer was made.

---

[1] Congress has specified six categories of litigation expenses that qualify as "costs," as follows: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters, and costs of special interpretation services. 28 U.S.C. § 1920; *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019).

Rule 68 provides that if a timely pretrial offer of settlement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (quoting Rule 68(d)); *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 260 (5th Cir. 2018) (same). The rule's purpose "is to encourage settlement and avoid litigation. The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek*, 473 U.S. at 5 (citations omitted).

> Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer.

*Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

Rule 68(d)'s "sole built-in sanction" is that the offeree must pay the costs incurred after the offer was made. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 163 (2016).[2] Thus, Rule 68(d) does not support Defendant's argument that the Final Judgment should be set aside in its entirety because the Plaintiffs received less than what Defendant offered Plaintiffs in his settlement offer. *Id.* ("Rule 68[ ] hardly supports the argument that an unaccepted settlement offer can moot a complaint.").

## B. Defendant's Motion is Untimely under Rule 59(e)

Rule 59(e) provides that: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." *See also Kemp v. United States*, 142 S. Ct. 1856, 1864 (2022)

---

[2] "Sometimes Rule 68's operation necessarily includes attorney's fees: where the relevant statute defines 'attorney's fees' as part of 'costs.'" *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 260 (5th Cir. 2018). Plaintiffs did not move for attorney's fees in their First Amended Petition or thereafter, and have not identified a relevant statute that would entitle them to attorney's fees. Dkt. 1-1. Accordingly, any award of costs in this case does not include attorney's fees.

(stating that "Rule 59(e) motions to alter or amend a judgment must be filed within 28 days"). While the Federal Rules of Civil Procedure generally provide that a court may for "good cause" extend the time for an act to be done, Rule 6(b)(2) specifically states that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Thus, the 28-day deadline in Rule 59(e) "is jurisdictional and cannot be extended by the court." *Heck v. Triche*, 775 F.3d 265, 271 n.5 (5th Cir. 2014) (citing Rule 6(b)(2)); *see also Leishman v. Associated Wholesale Elec. Co.,* 318 U.S. 203, 545 n.4 (1943) (noting that time limit in Rule 59 cannot be enlarged); *Rivers v. Lumpkin*, No. 18-11490, 2022 WL 1517027, at *3 (5th Cir. May 13, 2022) ("A Rule 59(e) motion is timely if it is filed no later than twenty-eight days after the entry of the judgment, with no possibility of extensions.").

Defendant's Motion to Set Aside the Final Judgment is untimely under Rule 59(e) because it was filed more than 28 days after the entry of judgment. Accordingly, the Court lacks jurisdiction to consider the motion under Rule 59(e). *See Washington v. Patlis*, 868 F.2d 172, 174 (5th Cir. 1989) ("Instead of considering and denying [plaintiff's] March 15 Motion for Reconsideration, the district court should have dismissed it as untimely filed under Rule 59(e)."); 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 2812 (3d ed. April 2022 Update) (stating that time for filing a motion for new trial "cannot be enlarged by the court" and "untimely motions must be denied").

### C.  Mistake and Inadvertence under Rule 60(b)

Nonetheless, the Court may construe Defendant's Motion to Set Aside Judgment as a Motion for Relief from Judgment under Rule 60(b). "[A] court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Frew v. Young*, 992 F.3d 391, 396

(5th Cir. 2021) (quoting *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)).

Rule 60(b)(1)[3] permits a district court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." "The law of this circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977); *see also In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001) ("When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b).") (citing *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)); *Rice v. Honeywell Int'l, Inc.*, No. 6:05CV330, 2007 WL 9724434, at *4 (E.D. Tex. Oct. 1, 2007) (construing motion for bill of costs as Rule 60(b)(1) motion for relief from final judgment due to "mistake, inadvertence, surprise, or excusable neglect" where court inadvertently did not rule on issue of costs in original judgment); 11 WRIGHT & MILLER § 2858.1 (stating that courts can correct judgments under Rule 60(b)(1) "[i]f the judicial error is a minor oversight, of the type that is hardly more than a clerical error").

Here, the Court's Final Judgment inadvertently failed to acknowledge that Plaintiffs' costs should be limited to costs incurred *before* Defendant made his settlement offer on May 2, 2022, as provided in Rule 68(d). Accordingly, the Court **GRANTS IN PART** Defendant's Motion to Set Aside Judgment (Dkt. 78), construed as a Rule 60(b) Motion, and will file an Amended Final Judgment to reflect the proper allocation of costs in this case.

**SIGNED** on July 26, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[3] The other grounds for relief under Rule 60(b) are inapplicable here.